ELMER ROBISON, Guardian, Appellee, v. WILLIAM D. BOONE, Appellant.

**INJUNCTION:** Restraining Prosecution of Action. Injunction will lie to restrain the prosecution of an action to remove a guardian of the property of another until another action is determined wherein an adjudication is sought as to the status of the property held by the guardian.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

APRIL 4, 1918.

ACTION for temporary injunction restraining the prosecution of a suit to remove a guardian, pending a hearing in equity to determine and construe certain wills under which the ward became entitled to the property, and to fix the character of the property in the hands of the guardian—whether a trust fund or otherwise. Temporary injunction issued in the court below, as prayed. Defendant appeals.—*Affirmed.*

*Burton Russell* and *Parsons & Mills,* for appellant.

*White & Clarke,* and *Clark & Byers,* for appellee.

PER CURIAM—The defendant herein is the son of Joshua Boone and Emeline Boone. Joshua Boone died testate, in the month of December, 1910. His will was duly admitted to probate. In this will he devised and bequeathed to his wife, Emeline Boone, one third of all his property, real and personal. The remaining two thirds he devised to his nine children, among whom was this defendant. The will provided:

"The remaining two thirds I give, devise and bequeath to my lawful children, share and share alike [naming them], to have and to hold forever with exception of share of William D. Boone whose share may be placed in the hands of guardian or trustee at the discretion of executors."

Emeline Boone died in March, 1916, testate. After certain devises, this will, in the fifth clause, provided:

"To my son, John W. Boone, I give, devise and bequeath one ninth of the balance of my estate, both real and personal, less the sum of one thousand dollars."

The balance was bequeathed to other heirs, to have and to hold forever, excepting the share of William D. Boone,

which must be placed in the care of his duly qualified guar-
dian.  The same executors were named in each will.  These
wills were duly admitted to probate, and the executors
named in the wills were appointed executors in each es-
tate, at the time of the probate.  The estates were duly ad-
ministered upon.  The executors named in each of the
wills and appointed by the court were George A. Gutshall
and Clarance Dunn, and they duly qualified and entered
upon the discharge of their duties.  In August, 1911, a suit
was instituted by one of these executors, Clarance Dunn,
to have a guardian appointed of the person and property
of the said William D. Boone, defendant herein, under the
provisions of Section 3219 of the Code of 1897, alleging,
among other things, that William D. Boone was of un-
sound mind.  In pursuance of this action, one Frank
Boone, brother of the defendant, was appointed guardian of
the person and property of William D. Boone.  He quali-
fied and entered upon the discharge of his duties as guar-
dian.  In May, 1913, this guardian, Frank Boone, died,
and thereafter, this plaintiff was appointed guardian, on
his own application, to take the place of the said Frank
Boone, then deceased.  This guardian qualified as such, and
entered upon the discharge of. his duties.  The executors
named in the will of Joshua Boone, and appointed by the
court to administer upon his estate, made their report and
were discharged in March, 1914.  It does not appear that
the executors of the will of Emeline Boone have ever been
discharged.

The property bequeathed to the defendant herein, Wm.
D. Boone, coming to him from the estate of his father,
Joshua Boone, was, upon the discharge of the executors,
turned over to his then guardian, and is now in the hands
of this plaintiff as his guardian.  In the month of Decem-
ber, 1916, this defendant, William D. Boone, filed his peti-
tion, under the provisions of Section 3222 of the Code of

1897, alleging, among other things, that he was no longer a proper subject for guardianship, and asking that his guardianship be terminated. The plaintiff herein, as guardian, appeared to said proceeding and answered, saying that the said William D. Boone had no property except property devised under and through the will of his father, Joshua Boone, and his mother, Emeline Boone; that the executors of said wills placed the entire share of William D. Boone coming to him under said wills in the hands of his guardian, Frank E. Boone, and it was by him held and invested until his death in May, 1913; that, upon the death of Frank E. Boone, this guardian was appointed by the court, duly qualified, and as such, received from his former guardian the entire property so received by his former guardian, derived as aforesaid; that this guardian holds it under the conditions of the will aforesaid; that these wills provided that the property should be so held. A motion was filed to strike all this affirmative matter in the answer of the guardian, and this motion was sustained, the court holding that it did not present a proper issue in that case, holding that the character of the property in the hands of the guardian ought to be declared in a proper proceeding, and that the character of the property, whether trust property or not, should be determined in a separate proceeding instituted for that purpose. Thereupon, the plaintiff herein, the guardian, commenced this suit, filing his petition alleging that the property was trust property; was in his hands as trust property; that the effect of discharging him as guardian would be to release the property in his hands; that there would be no one to care for it; that the will contemplated that it should be held in trust for the ward; and asking a construction of the will and a determination of the character of the property, to the end that it might be preserved for the ward, in the event it was found that he, as guardian, under the appointment made, had no

authority over the funds, and asking that a temporary injunction issue, pending the hearing on this petition. A hearing was had upon this application for temporary writ of injunction, and a temporary writ was ordered as prayed, restraining the defendant from prosecuting his suit to have this guardian discharged, until the final determination of this suit. This is the order appealed from, and now before us.

Section 3219, hereinbefore referred to, provides that, when a petition is presented to the district court that any inhabitant is of unsound mind, upon satisfactory proof of the fact, the court may appoint a guardian of the property of such person.

Section 3222 provides that, at any time not less than six months after the appointment, the person under guardianship may apply to the court or any judge thereof, and ask that the guardianship be terminated. If issue is joined, the petitioner may demand a jury trial.

There is no question that, under Section 3222, this defendant had a right to maintain the action instituted to have the guardianship terminated. A determination of this question in his favor would, of necessity, have the effect of discharging the guardian, and withdrawing from him all further hold on the property. Whatever rights the defendant in this suit acquired to the property must be found in the will of his father and his mother. The father, in making the bequest, provided that the share bequeathed to this defendant "may be placed in the hands of guardian or trustee, at the discretion of the executors." The mother's will provided that the share of this defendant must be placed in the care of his duly qualified guardian. This guardian is the duly appointed guardian, at least of the estate of defendant. Neither of the wills provided that the executors should have the appointment of a guardian or trustee. In the father's will, the provision is that the share of this defendant may be placed in the hands of a guardian

or trustee, at the discretion of the executors. The mother's will provides that it must be placed in the care of his duly qualified guardian. Both wills contemplated the appointment of a guardian or trustee of this property by someone having authority to make an appointment.

It is claimed that it was not the intention of either testator that the property bequeathed should pass directly to this defendant. It is to determine this question that this suit was instituted and is now pending, and is yet undetermined. The temporary injunction restrains the defendant only from prosecuting his suit to have the hold of this guardian released upon the property. This suit is to determine the status of the property. The property has passed into the hands of this guardian, placed there by the executors in the exercise of that discretion given them by the wills. In this preliminary hearing for the temporary writ, it was not determined, nor do we now determine, what the status of this property is, nor whether, under the terms of the will, a guardian or trustee of the property must be appointed. This we leave to the later determination of the court, on the trial upon the merits. The order appealed **from in this** case simply restrains the plaintiff from prosecuting his suit to have the guardianship terminated, until this question is settled by the court in which the case is pending. In granting this temporary writ, the court simply suspended the further prosecution of that suit until the determination of this important question, to wit: What shall be done with the property passing under the will, in view of this limitation on the right to possession? In the event the court should hold, in the proceeding to remove the guardian, that the guardianship was not made in pursuance of the will, but under the provisions of Section 3219, there is no one to hold the property as the wills direct.

Conceding that the appointment was made under Section 3219, and that the plaintiff has a right, under Sec-

tion 3222,—more than six months having elapsed,—to have the guardianship terminated for reasons provided in that statute, it does not necessarily follow that he has a right to the possession of the property bequeathed to him in trust to be held by another.   But, a controversy having arisen as to whether or not, under the provisions of this will, a guardian or trustee must be appointed, to take possession of and hold the property, it is essential that the status of the property be fixed.   If the court determines that, under the provisions of the will, a trustee or guardian must be appointed to conserve and preserve it, it becomes immaterial, then, so far as the property is concerned, whether the defendant succeeds in his suit to remove the guardian or not.   The question for the court to determine in this case is whether the defendant is entitled to the personal possession of the property bequeathed, or whether a guardian or trustee should be appointed for it.   The prayer of the petition in this suit is that the court determine the intention of Joshua Boone as to that part and portion of his estate which would otherwise have become the property of this defendant, and the intention of Emeline Boone as to that part and portion of her estate which would otherwise have become the property of the defendant, to the end that it may be determined by what right and in what capacity, whether as trustee or otherwise, the said guardian holds the funds derived by him from the estates of Emeline Boone and Joshua Boone; and the prayer is that a temporary restraining order be issued, pending the hearing of this petition, and further, that the funds in the hands of the guardian be declared a trust fund for the use and benefit of the defendant, and that testimony be taken to show the intention and purpose of these testators in making these provisions in their wills.

As we take it from this record, there was no hearing upon the merits.   The only hearing here that was had,

and the only order appealed from, was that which related to the restraining order pending the hearing and the determination of the issues presented in the petition; and we think the court did not err in exercising its discretion in restraining this defendant from further prosecuting his suit for removal of the guardian until the questions herein presented were determined. Without this restraining order, the court could have ordered this issue tried first.

We see no ground for interfering with the order of the court herein complained of, and the action of the court is —*Affirmed.*

PRESTON, C. J., LADD, GAYNOR, and STEVENS, JJ., concur.